IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL CASE NO. 3:23-cv-716-ECM |
| ) | [WO] |
| $881,147.41 SEIZED FROM ) | |
| JPMORGAN CHASE BANK, N.A. ) | |
| ACCOUNT NUMBER XXXXX9087, ) | |
| IN THE NAME OF KINGDOM MANIEL ) | |
| INVESTMENTS TRUST, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION and ORDER**

**I. INTRODUCTION**

The Government has requested an indefinite stay in this civil forfeiture action pending a criminal investigation. (*See* doc. 53). In support of its motion, the Government provided affidavits from two investigators. The first, from an agent at the Alabama Securities Commission, avers that discovery in this case would "likely jeopardize key aspects" of the joint and federal investigation by "reveal[ing] witnesses, confidential sources, key evidence, and investigative plans and methods," and prevent the reacquisition of other stolen funds and the discovery of evidence. (Doc. 53-1 at 2). The second, from an agent at the Federal Bureau of Investigation, similarly states that investigators believe discovery "would jeopardize the criminal investigation by revealing witnesses, confidential sources, key evidence, and investigative plans and techniques." (Doc. 53-2 at 2). The latter affiant also states that the ongoing criminal investigation resulted in the seizure of the funds

at issue in this case and that, with further investigation, the Government will show the funds were transmitted "under subterfuge." (*Id.*)

Maniel Group Mexico S.A.P.I DE C.V. and Kingdom Maniel Investment Trust (collectively, "Claimants") oppose the Government's motion, asserting that the Government has not met its burden in requesting a stay. (Doc. 55).[1] After reviewing the briefs, and for the reasons below, the Court finds that the motion is due to be DENIED.

## II. DISCUSSION

When the Government files a motion for a stay in a civil forfeiture case, "the court shall stay the civil forfeiture proceeding if the court determines that civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal case." 18 U.S.C. § 981(g)(1). However, the Court must inquire into the relatedness of the criminal case or investigation. 18 U.S.C. § 981(g)(4). "[T]he terms 'related criminal case' and 'related criminal investigation' mean an actual prosecution or investigation in progress at the time at which the request for the stay, or any subsequent motion to lift the stay is made." 18 U.S.C. § 981(g)(4). To determine whether a civil forfeiture action and a pending criminal case or investigation are related, "the court shall consider the degree of similarity between the parties, witnesses, facts, and circumstances involved in the two proceedings, without requiring an identity with respect to any one or more factors." *Id.*

---

[1] Claimants also argue that if a stay is appropriate, a protective order limiting discovery would protect the Government's interests while allowing the case to proceed. (Doc. 55 at 12–14). Because a stay is not warranted provided the current record evidence, the Court does not address that argument.

In other words, the Government must make a showing sufficient to persuade the Court that (1) civil discovery will adversely affect a criminal investigation or prosecution and (2) that the criminal investigation or prosecution is related to the civil forfeiture action. *Cf. United States v. GAF Fin. Servs., Inc.*, 335 F. Supp. 2d 1371, 1373 (S.D. Fla. 2004).[2] Speculation or conjecture that civil discovery will necessarily adversely affect a criminal investigation is insufficient. *See United States v. All Funds ($357,311.68) Contained in N. Tr. Bank of Fla. Acct. No. 7240001868*, 2004 WL 1834589, at *2 (N.D. Tex. Aug. 10, 2004) ("There is no presumption that civil discovery, in itself, automatically creates an adverse [e]ffect on the government's related criminal proceeding."); *see also United States v. Currency $716,502.44*, 2008 WL 5158291, at *4 (E.D. Mich. Dec. 5, 2008) (similar).

Other courts have granted stays under § 981(g) where (1) the Government demonstrates a relationship between existing discovery requests in a civil forfeiture case and evidence in a criminal investigation or case or (2) the Government provides *ex parte* submissions that demonstrate civil discovery could reveal information like the identities of confidential informants that would likely impair the related criminal investigation. *See United States v. Real Prop. & Premises*, 657 F. Supp. 2d 1060, 1064 (D. Minn. 2009).[3] In this case, the Government has done neither in support of its motion.

---

[2] The Court here, and elsewhere in the Opinion, cites to nonbinding authority. While the Court recognizes that these cases are not precedential, the Court finds them persuasive.

[3] The *United States v. Real Property* court correctly identified many post-Civil Asset Forfeiture Reform Act cases that fit this pattern. *See, e.g.*, *United States v. $1,730,010.00 in U.S. Currency More or Less*, 2007 WL 1164104, at *2–3 n. 5 (W.D. Tex. Apr. 16, 2007); *United States v. GAF Fin. Servs., Inc.*, 335 F.Supp.2d 1371, 1373 (S.D. Fla. 2004); *United States v. All Funds Deposited in Account No. 200008524845*, 162 F.Supp.2d 1325, 1331–32 (D. Wyo. 2001); *United States v. Currency $716,502.44*, 2008 WL 5158291, at *5 (E.D. Mich. Dec. 5, 2008); *United States v. Approximately $207,870.43 Seized from Certificates of*

A. **Adverse Effect**

Here, the Government's affidavits indicate its investigators believe that discovery *could* have an adverse affect on an investigation. These statements are conclusory and lack developed factual bases. *See United States v. $16,700.00 in U.S. Currency*, 2024 WL 5683973, at *2 (E.D. Tex. Dec. 10, 2024) (finding conclusory statements insufficient to make the requisite determination). The first affiant speculates that discovery "would likely jeopardize" parts of the investigation, "could" disclose "witnesses, confidential sources, key evidence, and investigative plans[] and methods," "may" hinder reacquisition of lost funds, and "could" limit the ability of the Government to obtain evidence moving forward. (Doc. 53-1 at 2). The second affidavit reiterates that "the investigators *believe* further discovery in this civil matter would jeopardize" the investigation in the same ways asserted in the first affidavit. (Doc. 53-2 at 2) (emphasis added). Because these assertions are not accompanied by additional, specific facts to support them, the Government's evidence is insufficient to persuade the Court that discovery in this case "will" adversely affect a pending criminal investigation.

B. **Relatedness**

More pointedly, the Government has not provided sufficient evidence that its investigation is *related* to this civil forfeiture action by showing that the investigation

---

*Deposit at First Charter Bank & Shelby Sav. Bank*, 2007 WL 4380064, at *1 (M.D.N.C. Dec. 12, 2007). Granted stays continue to largely fall into these two non-mutually exclusive categories. *See, e.g.*, *United States v. Real Prop. Located at 1 Cent. Park W., Unit 32G, New York, New York, 10023*, 2025 WL 1652113, at *1–2 (S.D.N.Y. May 20, 2025); *United States v. $402,669.95 Seized From One Sandy Spring Bank Acct.*, 2024 WL 4753758, at *2–3 (D.D.C. Nov. 12, 2024); *United States v. $400,000.00 in U.S. Currency*, 2023 WL 9064889, at *2–3 (C.D. Cal. Jan. 9, 2023).

involves similar parties, witnesses, facts, or other circumstances. Neither affidavit adequately articulates a basis for determining the similarity between this action and the pending criminal investigation as to the § 981(g)(4) factors beyond a statement that the investigation uncovered the funds at issue and a belief that further investigation, two years into the instant case, will reveal that they were transmitted "under subterfuge." (Doc. 53-2 at 2). While the Court cannot require "an identity" as to any particular factor in determining the relatedness of a civil forfeiture to a pending criminal investigation or action, some evidence of relatedness is still required for a stay. § 981(g)(4). Further, though not dispositive, the Government has not indicated that it is investigating or seeking to file an indictment against the parties in this action. *See United States v. $75,020.00 in U.S. Funds*, 2009 WL 1010359, at *1 (M.D. Ga. Apr. 14, 2009) (finding criminal charges against the party in the civil forfeiture action arising from the same underlying conduct relevant to showing relatedness); *United States v. One 2008 Audi R8 Coupe Quattro*, 866 F. Supp. 2d 1180, 1183 (C.D. Cal. 2011) (similar). Accordingly, the Court is not persuaded that the ongoing civil forfeiture action is sufficiently related to any joint state and federal criminal investigation.

    The Government also argues that it cannot provide additional details to support its motion without revealing sensitive Government info—the very reason it seeks a stay in this case. (*See* doc. 59 at 1). But this concern is alleviable by a subsection of the statute under which the Government is proceeding. Title 18 U.S.C. § 981(g)(5) provides that the Government may submit evidence in support of a stay to the Court *ex parte* "to avoid

disclosing any matter that may adversely affect an ongoing criminal investigation or pending criminal trial."

### III.  CONCLUSION

For a stay under § 981(g)(1), the Government must show that an ongoing criminal investigation or prosecution would be adversely affected by civil discovery and that the existing civil forfeiture case is related regarding parties, witnesses, facts, or other circumstances.  The Government has not made such a showing.

Accordingly, and for good cause, it is

ORDERED that the Government's Motion to Stay (Doc. 53) is DENIED without prejudice.

DONE this 29th day of September 2025.

        /s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE